**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FATIMAH; JUNISAN HAJATO
SIMATUPAN,

           Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 11-72435

Agency Nos.     A097-354-995
                 A095-635-769

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

    Fatimah and Junisan Hajato Simatupan, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion for reconsideration. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reviewing for an abuse of discretion, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reconsider as untimely because it was filed more than 30 days after the BIA's final removal order. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). We lack jurisdiction to consider any contention that the BIA abused its discretion by failing to exercise its sua sponte authority to reconsider their case. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011). We also lack jurisdiction to consider petitioners' claim that changed circumstances arising in Indonesia should excuse their motion from the time limitations for motions to reopen or reconsider because they failed to raise that claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Further, we deny petitioners' motion to take judicial notice of the two versions of the 2010 U.S. Department of State International Religious Freedom Report for Indonesia. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). In light of this conclusion, we reject as unnecessary the government's request to strike the portions of petitioners' opening brief that rely on the report.

Finally, we reject petitioners' requests that the court either reconsider its stance regarding a pattern or practice of persecution, or require the BIA to reconsider their motion on this basis.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**